UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DAVON ROBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD MURPHY,<br><br>    Defendant. | Case No. 15-cv-03166-JST (PR)<br><br>**ORDER LIFTING STAY; DENYING MOTION FOR APPOINTMENT OF COUNSEL; SCHEDULING DISPOSTIVE MOTION**<br><br>Re: ECF No. 41 |

Plaintiff, a prisoner at Kern Valley State Prison filed the instant pro se action pursuant to 42 U.S.C. § 1983 against a former correctional officer at Salinas Valley State Prison, where plaintiff was previously incarcerated. On March 25, 2016, at the request of both parties, the Court referred the action to Magistrate Judge Nandor Vadas for one or more settlement conferences and stayed further proceedings. On August 15, 2016, Judge Vadas reported that the case did not settle. Accordingly, the Court will lift the stay and issue a schedule for dispositive motion briefing as set forth below.

For the reasons set forth in the Court's December 30, 2015 order denying plaintiff's motion for appointment of counsel, plaintiff's renewed motion for appointment of counsel, ECF No. 41, will be DENIED.

Plaintiff has also filed a request for production of documents. ECF No. 41 at 3. Plaintiff's filing reflects his misunderstanding of the discovery process. A party may not obtain discovery by simply telling the Court what information he wants to receive. The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy being sent to the Court. See Fed. R. Civ. P. 5(d)(1) (listing

discovery requests and responses that "must not" be filed with the Court until they are used in the proceeding or the Court orders otherwise). In sum, plaintiff must send discovery requests directly to defense counsel and not to the Court.

Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the Court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. See Fed. R. Civ. P. 37(a)(1); N.D. Cal. Local Rule 37. A plaintiff must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery.

## CONCLUSION

For the foregoing reasons,

1. The Clerk shall REOPEN this action.

2. Plaintiff's renewed motion for appointment of counsel is DENIED.

3. The Court now sets the following new briefing schedule for dispositive motions: Defendant must file and serve his dispositive motion no later than **December 9, 2016**. Plaintiff shall file any opposition to defendant's motion within **twenty-eight (28)** days of the date the motion is filed. Defendant shall file a reply within **fourteen (14)** days of the date the opposition is filed.

This order terminates Docket No. 41.

IT IS SO ORDERED.

Dated: September 9, 2016

                                                                                    JON S. TIGAR
                                                                                    United States District Judge

2